IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00453 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO REMAND<br><br>(Doc. 10) |

Before the Court is Plaintiff's Motion to Remand the matter to the Kern County Superior Court. (Doc. 10)   Defendants have not filed an opposition.  After considering the moving papers, for the reasons set forth below, the Magistrate Judge recommends that the motion to remand be **DENIED**.

I.   **Background**

On February 4, 2010, Plaintiff filed this litigation in the Fresno County Superior Court. Plaintiff claims that he is unlawfully incarcerated. Plaintiff asserts that the defendants, in some manner, tortiously have caused him to be held improperly and seeks to impose liability, for the most part, for violations of state law and the California Constitution.[1]  In fact, it appears clear to the Court that Plaintiff purposefully and deliberately plead his case in a manner to ensure that it remained in state court.

---

[1] Although Defendants asserted in their notice of removal that Plaintiff raised issues of violations of the United States Constitution, this is not correct.  Plaintiff painstakingly plead his complaint so that all constitutional violations referred to the California Constitution.

1

Despite his efforts, however, Plaintiff plead a claim under the Racketeer Influence and Corrupt Organizations Act (RICO), which is found at 18 USC § 1961. RICO is a *federal*, not state, law. Therefore, as explained below, the removal was proper and the motion to remand is recommended to be **DENIED**.[2] However, before the Court undertakes to screen his complaint, it will allow Plaintiff the opportunity to dismiss his cause of action under RICO, if he chooses, in order to divest the Court of original jurisdiction. If this occurs, the Court will reconsider its jurisdiction at that time.

## II. DISCUSSION

### A. Removal of the action

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears the burden of proving its propriety. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006). Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction and remand. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). Under 28 USC § 1331, the Court has "original jurisdiction" for all actions arising under federal law. This statute reads, "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

### B. A RICO action arises under Federal, not State, law

---

[2] In addition, Plaintiff's motion to remand was not timely. The attached proof of service was signed by Plaintiff on May 18, 2010. This was well beyond the required 30 days to make the motion. A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." 28 USC § 1447(c).

2

Despite Plaintiff's painstaking effort to eliminate the removability of his action, RICO is a federal statute found at 18 USC § 1961.[3] Moreover, 18 USCS § 1965 provides, "Any civil action or proceeding under this chapter [18 USCS §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." Therefore, the Court has original jurisdiction to decide a RICO action.

Because the removal of the action was proper, the motion to remand is recommended to be **DENIED.** However, because it appears that Plaintiff attempted to plead his complaint for the purpose of avoiding federal court jurisdiction, the Court will permit Plaintiff an opportunity, before it screens his complaint, to move to dismiss his RICO claim. If he chooses to do this, the Court will reconsider its jurisdiction in this case at that time.

**C.   Conclusion**

The Court concludes the removal was proper based upon the Court's original jurisdiction to adjudicate the RICO claim. Therefore, the Court hereby **ORDERS**:

1. Plaintiff's motion to remand the matter is **DENIED**;
2. Plaintiff is granted 30 days to seek to dismiss his RICO claim, without prejudice. If he chooses to dismiss the RICO action, the Court will reconsider its jurisdiction at that time.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may

---

[3] Plaintiff seems not to recognize that the RICO claim is an action under federal law despite his citation to United States v. Qaoud, 777 F.2d 1105, 1116 (6th Cir. 1985), for the proposition that arms of the United States government may be charged with RICO violations. This case sets forth the elements required to be shown un 18 USC § 1961 to allege a RICO violation.

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 30, 2010**     　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE