IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-0453 LJO JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. 25)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 19) |

**I.   BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On September 30, 2010, the Court issued findings and recommendations recommending that Plaintiff's motion to remand be denied.[1] (Doc. 16.) The Court explained that despite Plaintiff's apparent desire to maintain his action in state court, his operative pleading contained a federal RICO claim pursuant to 18 U.S.C. § 1961. (Id. at 2-3.) The Court therefore denied the motion to remand, but also advised Plaintiff that he may move to dismiss the RICO claim and the Court would reconsider its jurisdiction over this action at that time. (Id. at 3.) Plaintiff filed two amended complaints thereafter, one on October 14, 2010 and another on October 18, 2010. (Docs. 17 & 19.) The Court now turns to the second amended complaint for the purpose of screening. See Fed. R. Civ. P. 15.

---

[1] The findings and recommendations were adopted in full by the District Judge assigned to this case on January 10, 2011. (Doc. 28.)

**II.     SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

**III.    THE SECOND AMENDED COMPLAINT**

The Court summarizes Plaintiff's allegations, which are disjointed and difficult to understand, as follows. Sometime around 1998, Plaintiff was raped by Nurse Proctor, a "female sexual predator," at a state mental hospital. (Doc. 19 at 5, 14.) Nurse Proctor and various other defendants then filed false charges against Plaintiff, which resulted in Plaintiff's continued commitment/imprisonment. (Id. at 14.) Nurse Proctor also conspired with other defendants to "illegally sell" Plaintiff's house without first obtaining his consent. (Id.)

The charges filed by Nurse Proctor were eventually dismissed.[2] (Id.) California State Senator Jack Scott and his staff investigated the charges and recommended that Plaintiff be released after the

---

[2] Plaintiff requests the Court take judicial notice of certain documents. (Doc. 25.) To the extent that Plaintiff seeks judicial notice of a minute order entered in California v. Miller (Case No. GA039962), Plaintiff's motion is **GRANTED**. See Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of state court filings).

2

discovery of the false charges. (See id. at 10.) Nevertheless, Defendants Fisher, Hildreth, Faulkner, Atkins, and Smith conspired to falsify records in order to continue Plaintiff's incarceration. (Id.) As a result, Plaintiff was not released from prison. (Id.)

On July 15, 2009, Defendant Hendricks assaulted Plaintiff by pulling on Plaintiff's handcuffed wrists and spraying Plaintiff with pepper spray. (Id. at 4.) According to Plaintiff, the assault was yet another conspiracy by various defendants to file false charges against him so that he would remain in prison. (Id.) In addition to suffering "a loss of liberty," Plaintiff was also wrongly labeled a "violent offender" as a result of the incident. (Id. at 4, 9.)

At some point, Plaintiff was confined at Pleasant Valley State Prison for four years. (Id. at 6.) Despite being on notice that certain ethnic groups were at risk of contracting the disease, Defendants Kernan, Schwarzenegger, and Yates allowed Plaintiff to remain incarcerated at Pleasant Valley State Prison, thereby exposing Plaintiff to the Valley Fever. (Id.) Eventually, Plaintiff contracted Valley Fever, which caused Plaintiff to suffer joint pain and weight loss, among other things. (Id. at 6, 14.) Plaintiff claims that his exposure to the disease was done in retaliation. (Id. at 11.)

Finally, on an entirely separate note, Plaintiff alleges that former California Governor Arnold Schwarzenegger, among other defendants, used "ill gotten money" to mislead California voters into enacting Proposition 9 (Marsy's Law) and defeating Proposition 66 (a proposed amendment limiting California's "three-strikes" law). (Id. at 21.)

**IV.   DISCUSSION**

    **A.   Federal Claims**

Plaintiff's allegations appear to assert federal causes of action pursuant to the Civil Rights Act, see 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), see 18 U.S.C. § 1961. The Court analyzes these causes of action first.

        **1. Section 1983**

Section 1983 provides a federal cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To establish a violation of § 1983, a plaintiff must

show that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). In this case, Plaintiff's allegation that prison officials exposed Plaintiff to Valley Fever and subjected Plaintiff to excessive force appear to implicate Plaintiff's rights under the Eighth Amendment.

### a. Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, Plaintiff claims that numerous defendants caused Plaintiff to be incarcerated at Pleasant Valley State Prison, thereby exposing him to Valley Fever. Courts in this district, however, have found such claims to be insufficient in establishing an Eighth Amendment violation. See e.g., King v. Avenal State Prison, 1:07-cv-01283-AWI-GSA (PC), 2009 U.S. Dist. LEXIS 20182 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."). Furthermore, even if exposure to Valley Fever was sufficient to establish an

4

objectively serious deprivation within the meaning of the Eighth Amendment, Plaintiff has alleged no facts demonstrating that any of the defendants acted with deliberate indifference. Plaintiff's conclusory statement that certain defendants sought to retaliate against him is entirely insufficient in this regard. Accordingly, for all these reasons, the Court concludes that Plaintiff fails to state a cognizable Eighth Amendment claim due to his exposure to Valley Fever.

### b. Eighth Amendment – Excessive Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

In this case, Plaintiff alleges that Defendant Hendricks used excessive force when he pulled on Plaintiff's handcuffed wrists and pepper sprayed Plaintiff. However, Plaintiff fails to provide any facts regarding the circumstances surrounding the use of force. As such, the Court is unable to determine at this point whether it is plausible that Defendant Hendricks used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Plaintiff thus fails to state a cognizable excessive force claim under the Eighth Amendment against Defendant Hendricks. See Iqbal, 129 S. Ct. at 1949.

### 2. RICO

RICO allows a private citizen to sue to recover damages for injury by reason of a violation of section 1962, which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. See 18 U.S.C. § 1962. To establish liability under RICO, the plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); Chaset

v. Fleer/Skybox Int'l, 300 F.3d 1083, 1086 (9th Cir. 2002). In addition, the plaintiff must show that the defendant caused an actual, concrete injury to the plaintiff's business or property. Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005); Chaset, 300 F.3d at 1086.

Plaintiff's attempt to mold his expansive conspiracy allegations into a RICO claim is flawed. Plaintiff's broad allegations fail to implicate any of the predicate acts for racketeering activity listed in 18 U.S.C. § 1961(1). See Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir. 2008) ("[T]o state a RICO claim, one must allege a "pattern" of racketeering activity, which requires at least two predicate acts.") (citations omitted). Also, "false imprisonment is not a business or property injury compensable under RICO." Lauter v. Anoufrievera, 642 F. Supp. 2d 1060, 1086 (C.D. Cal. 2008) (citing Diaz, 420 F.3d at 899-90; 902). Accordingly, Plaintiff has failed to sufficiently allege all the elements necessary to support a cognizable RICO claim.[3]

### B. State Law Claims

The remainder of Plaintiff's claims fall under the province of state law. For example, Plaintiff asserts claims under California tort law (battery, false imprisonment, and defamation), provisions of California's penal code, and sections of California's state constitution. Plaintiff is advised that federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and this Court lacks jurisdiction under either 28 U.S.C. § 1331 or § 1332 to adjudicate Plaintiff's state law claims. Therefore, should the Court ultimately dismiss Plaintiff's federal claims from this action, Plaintiff is advised that, if he chooses to pursue these claims, he must do so in state court. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (a district court should not exercise supplemental jurisdiction over state law claims when the federal claims giving rise to supplemental jurisdiction are dismissed before trial).

### C. Leave to Amend

The Court will afford Plaintiff the opportunity to file a third amended complaint. See Noll v.

---

[3] Even if Plaintiff's broad allegations are construed to fit under the umbrella of fraud, which is enumerated in § 1961(1), the pleadings fail to meet the pleading standards for fraud under Federal Rule of Civil Procedure 9. Rule 9(b) requires a plaintiff who alleges fraud to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged. Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). Here, Plaintiff's extensive list of defendants and Plaintiff's vague allegations that the defendants filed, supported, or somehow covered-up false criminal charges against him fall far short of meeting the heightened pleading requirements of Rule 9(b).

6


Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is clear that the deficiencies could not be cured by amendment). If Plaintiff elects to file a third amended complaint, he may proceed in one of two ways. First, Plaintiff may file a third amended complaint omitting his federal claims, namely his RICO claims and his Eighth Amendment claims under § 1983. In that scenario, this case will be returned to state court for resolution of Plaintiff's outstanding state law claims.[4] Second, Plaintiff may file a third amended complaint that attempts to correct the deficiencies identified by the Court regarding Plaintiff's federal claims. In that scenario, Plaintiff would remain before this Court and his third amended complaint would again be subjected to the screening requirements of 28 U.S.C. § 1915A(a).

Whichever option Plaintiff ultimately chooses, he is advised that he may not change the nature of this suit by adding new, unrelated claims to his third amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files a third amended complaint, his previous pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the third amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. All causes of action alleged in the second amended complaint that are not re-alleged in the third amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.   CONCLUSION**

In accordance with the above, it is **HEREBY ORDERED** that:

1. Plaintiff's December 2, 2010 request for judicial notice with respect to the minute order entered in California v. Miller, Case No. GA039962, (Doc. 25) is **GRANTED**;
2. Plaintiff's second amended complaint is **DISMISSED**;
3. Within **thirty (30) days of the date of this order**, Plaintiff shall file a third amended complaint that:
    a. Omits any reference to federal causes of action (RICO or § 1983); or

---

[4] On several occasions, Plaintiff expressed his preference to proceed in state court. Plaintiff moved to remand this case after it was removed from state court by Defendants. (Doc. 10.) Plaintiff also explicitly stated in his second amended complaint that he "desires to maintain this matter in state court[.]" (Doc. 17 at 2.) In fact, Plaintiff apparently took painful care in his unsuccessful attempt at pleading all his claims under state law.

7

     b. Attempts to correct the deficiencies identified by the Court with respect to Plaintiff's RICO and § 1983 claims.

 4. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

 5. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **September 12, 2011**      **/s/ Jennifer L. Thurston**
                  UNITED STATES MAGISTRATE JUDGE