IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-0453 LJO JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 23, 24, 36)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RESOLUTION OF REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. 35) |

Plaintiff is a state prisoner proceeding pro se. Plaintiff has three motions seeking preliminary injunctive relief pending before the Court. First, on December 6, 2010, Plaintiff filed a motion for a transfer from state to federal custody. (Doc. 23.) Second, on December 6, 2010, Plaintiff filed a motion for a temporary restraining order.[1] (Doc. 24.) Third, on April 20, 2011, Plaintiff filed a second motion for a temporary restraining order. (Doc. 36.) For the reasons set forth below, the Court **DENIES** the pending motions.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). If the court does not have before it an actual case or controversy, it has no power to hear the matter in question. Id.

---

[1] On February 22, 2011, Plaintiff filed a motion for resolution of his December 6, 2010 motion for a temporary restraining order. (Doc. 35.) Plaintiff's motion is unnecessary and in any event, has been rendered moot by this order. Accordingly, Plaintiff's February 22, 2011 motion is **DENIED**.

1

at 102. It follows, then, that a court "may issue an injunction [only] if it has personal jurisdiction over the parties and *subject matter jurisdiction over the claim*; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Here, the Court lacks jurisdiction at this juncture to grant Plaintiff preliminary injunctive relief. On September 12, 2011, the Court screened Plaintiff's operative complaint and found that it failed to state a cognizable claim. (Doc. 41.) Thus, at this time, subject matter jurisdiction over this case has yet to be established; Plaintiff has not established federal jurisdiction pursuant to 28 U.S.C. § 1331 (federal claim) or 28 U.S.C. § 1332 (diversity). The Court therefore has no power at this time to grant Plaintiff the injunctive relief he requests.[2] See Zepeda, 753 F.2d at 727.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's December 6, 2010 request to be transferred to federal custody (Doc. 23) is **DENIED** as premature;
2. Plaintiff's February 22, 2011 motion for the resolution of his December 6, 2010 motion for a temporary restraining order (Doc. 35) is **DENIED**;
3. Plaintiff's December 6, 2010 motion for a temporary restraining order (Doc. 24) is **DENIED** as premature; and
4. Plaintiff's April 20, 2011 motion for a temporary restraining order (Doc. 36) is **DENIED** as premature.

IT IS SO ORDERED.

**Dated:    September 15, 2011**            /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court were to evaluate the merits of Plaintiff's motions, Plaintiff would not be entitled to preliminary injunctive relief because he has failed to demonstrate that he is likely to succeed on the merits of his claims, among other things. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

2