1
2
3
4
5
6
7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ANTHONY MILLER,                      Case No. 1:10-cv-00453 LJO JLT (PC)

12            Plaintiff,                          FINDINGS AND RECOMMENDATION TO
                                                 REMAND THE MATTER TO THE FRESNO
13        vs.                                    COUNTY SUPERIOR COURT

14  EDMUND G. BROWN, JR., et al.,                ORDER DENYING MOTION FOR A
                                                 HEARING AS MOOT
15            Defendants.
                                                 (Doc. 43)
16  _____/

17  **I.      BACKGROUND**

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On September 30, 2010,

19  the Court issued findings and recommendations recommending that Plaintiff's motion to remand be

20  denied.[1]  (Doc. 16.)  The Court explained that despite Plaintiff's apparent desire to maintain his action

21  in state court, his operative pleading contained a federal RICO claim pursuant to 18 U.S.C. § 1961.  (Id.

22  at 2-3.)  The Court therefore denied the motion to remand, but also advised Plaintiff that he may move

23  to dismiss the RICO claim and the Court would reconsider its jurisdiction over this action at that time.

24  (Id. at 3.)  Plaintiff filed two amended complaints thereafter, one on October 14, 2010 and another on

25  October 18, 2010.  (Docs. 17 & 19.)

26        On September 16, 2011, the Court screened Plaintiff's Second Amended complaint and

27  _____

28        [1]  The findings and recommendations were adopted in full by the District Judge assigned to this case on January 10,
2011.  (Doc. 28.)

                                             1

1    determined that it did not state a claim under federal law or the United States Constitution.  (Doc. 41)

2    The Court granted plaintiff leave to amend but observed that if Plaintiff was unable or chose to amend

3    the complaint to eliminate the federal claims, the Court would be inclined to remand the matter to the

4    Fresno County Superior Court.  Id. at 6.

5           For the reasons set forth below, the Court recommends that the matter be **REMANDED** to the

6    Fresno County Superior Court.  In doing so, the Court **DENIES AS MOOT**, Plaintiff's request for a

7    hearing on the matter.  (Doc. 43)

8    **II.     SCREENING REQUIREMENT**

9           The Court is required to review a case in which a prisoner seeks redress from a governmental

10   entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

11   thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

12   monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  If the Court

13   determines the complaint fails to state a claim, leave to amend should be granted to the extent that the

14   deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th

15   Cir. 2000) (en banc).

16          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim

17   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .

18   . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

19   (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to

20   provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions,"

21   "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly,

22   550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state

23   a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d

24   868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

25   **III.    THE THIRD AMENDED COMPLAINT**

26          Plaintiff raises claims of intentional torts, negligence, violation of the Bane Act, defamation and

27   violations of state criminal law and, as in his prior complaints, bases these causes of action on conditions

28   of his confinement. (Doc. 43)  Notably, Plaintiff has omitted all references to federal law, except as

2

1   periodic clarification that he does not seek to raise claims under federal law. Id.  Though Plaintiff alleges

2   under the headings of "An Entity Called an Enterprise," "Affects Interstate Commerce" and "Pattern of

3   Activities," Plaintiff makes abundantly clear that he has abandoned his RICO claim, which was alleged

4   in his previous complaints, and seeks damages related to these headings under California Penal Code

5   § 182.[2]  Id. at 12-13.  Thus, it appears that there is no federal question presented in the Third Amended

6   Complaint.

7   **IV.     REMAND OF THIS MATTER IS WITHIN THE COURT'S DISCRETION**

8          The propriety of removal jurisdiction is determined at the time of removal.  *Pullman Co. v.*

9   *Jenkins*, 305 U.S. 534, 537 (1939).  If a claim "arising under" federal law existed at the time of removal,

10  the federal court has jurisdiction though the federal claim has been dropped from the case and only state

11  law claims remain.  *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343 (1988); *Nishomoto v. Federman-*

12  *Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990).  Here, because the initial complaint, which was

13  in effect at the time of removal, contained at least one federal claim, the Court has jurisdiction.  Indeed,

14  the Court denied Plaintiff's motion to remand based upon the federal question presented in the

15  complaint.  (Doc. 16, 2-3)  Nevertheless, though Plaintiff  "may not compel remand by amending [the]

16  complaint to eliminate the federal question upon which removal was based" (*Sparta Surgical Corp. v.*

17  *Nat'l Assoc. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1988)), if all federal claims are

18  eliminated from an action, federal courts have discretion to remand the remaining state law claims.

19  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district

20  court's discretion to retain jurisdiction to adjudicate the pendent state claims or remand them to state

21  court.").

22         In choosing whether to retain jurisdiction, the Court must consider "the values of judicial

23  economy, convenience, fairness, and comity."  *Carnegie-Melon*, 484 U.S. at 350.  Based upon these

24  factors, "it is generally preferable for a district court to remand remaining pendent claims to state court."

25  *Harrell*, 934 F.2d at 205; *see also Carnegie-Melon* 484 U.S. at 350 n.7 ("these factors usually will favor

26  a decision to relinquish jurisdiction when state issues substantially predominate") (internal quotation

27  marks and citation omitted).

28

---

[2]The Court refrains from any comment as to the propriety seeking damages under this section.

1   In this case, the above factors weigh in favor of remand.  Given the ongoing crisis in this Court

2   created by the crushing case load and lack of judicial resources, the Court finds that judicial economy

3   weighs in favor of remand. "With regard to comity, the path that best preserves the rights of the state to

4   preside over the court matters is to remand the case." *Loder v. World Sav. Bank, N.A.*, 2011 U.S. Dist.

5   LEXIS 98770, at *11 (N.D. Cal. Sept. 1, 2011).  On the other hand, there is no evidence, that this Court

6   is a more convenient forum than the state court.  Notably, the Ninth Circuit has acknowledged that

7   remand is proper when, as here, the plaintiff amends the complaint to remove federal claims and moves

8   for remand without delay.  *See Baddie v. Berkeley Farms, Inc.*, 65 F.3d 487, 490-91 (9th Cir. 1995).

9   **V.  Findings and Recommendations**

10   Based upon the foregoing, the Court finds the factors set forth in *Carnegie-Melon* weigh in favor

11   of remand, and the Court should not exercise jurisdiction over the remaining state law claims.

12   Accordingly, the Court hereby RECOMMENDS that:

13       1.    The motion to remand be **GRANTED**;

14       2.    The matter be **REMANDED** to the Fresno County Superior Court; and

15       3.    Because the order remanding this matter to state court concludes this case, the Clerk of

16       the Court be directed to close this matter.

17   These Findings and Recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

19   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

20   fourteen days after being served with these findings and recommendations, any may file written

21   objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

22   Findings and Recommendations."  Failure to file objections within the specified time may waive the

23   right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24

25   IT IS SO ORDERED.

26   Dated:   **September 30, 2011**                     **/s/ Jennifer L. Thurston**

        UNITED STATES MAGISTRATE JUDGE

27

28