UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY MILLER,<br><br>                  Plaintiff,<br><br>   v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>                  Defendants. | Case No.: 1:10-cv-00453-LJO-JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REINSTATEMENT OF COMPLAINT<br><br>(Doc. 48) |

## I. BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On January 10, 2011, the Court denied Plaintiff's motion to remand the matter to the Fresno Superior Court. (Doc. 28.) Before Plaintiff filed his motion to remand, he filed an opposition to the notice of removal which removed this matter from the Fresno Superior Court. (Doc. 4) Plaintiff has consistently resisted this case remaining in federal court.

On September 27, 2012, Plaintiff filed his Third Amended complaint. (Doc. 44) In it, Plaintiff not only eliminated every reference to federal law, he also clarified, "The relief sought is within the jurisdiction of the state court . . . All of Plaintiff's claims are violations of state laws not within federal jurisdiction." (Doc. 44 at 3) When the Court screened this complaint, it noted that there was no

longer was a basis for federal court jurisdiction and—as Plaintiff had consistently sought—on October 18, 2011, remanded the matter to the Fresno County Superior Court. (Docs. 45, 47)

Now before the Court is Plaintiff's "motion for reconsideration and reinstate complaint." (Doc. 48) He reports that when the matter was returned to state court, the state court dismissed the complaint and declared him a vexatious litigant. Id. at 5. Thus, he seeks to overturn the order that remanded the matter to state court and, apparently, to revive this dismissed case.

**II.    Analysis**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff does not demonstrate any legally sufficient basis to justify reconsideration. Moreover, his attempt to now argue that he demonstrated a federal claim is disingenuous at best. In addition, the mere fact that Plaintiff is dissatisfied with the results he achieved in state court and regrets that he did not maintain a federal cause of action, provides no basis for the Court to grant relief. He was the master of his complaint and he chose to plead it in such a way to ensure that no federal claims were implicated. As a result, the Court acted fully within its discretion—and at Plaintiff's urging—to remand the state law claims to the state court.

On the other hand, this case has been dismissed by the state court. Plaintiff's remedy then is an appeal to the state court of appeal. This Court lacks the authority to determine whether the state court acted appropriately. The Rooker-Feldman doctrine prohibits a party from seeking, what amounts to appellate review, in federal court of a decision made by the state court. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Doe v. Mann, 451 F.3d 1038, 1041-42 (9th Cir. 2005).

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration or to reinstate his complaint is **DENIED**;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

1    2.    No further filings will be accepted in this case.

IT IS SO ORDERED.

Dated:   **April 11, 2012**                              **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE